FILED- GR
April 30, 2010 3:18 PM

TRACEY CORDES, CLERK
U.S. DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
mrs/

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | | | |
|---|---|---|---|
| **Steven VanValkenberg,** | ) | | |
| | ) | | |
| Plaintiff, | ) | | |
| | ) | Hon. | **1:10-cv-426** |
| v. | ) | | **Robert J. Jonker** |
| | ) | | **US District Judge** |
| **NCO Financial Systems, Inc.,** | ) | | |
| a Pennsylvania corporation, | ) | | |
| | ) | | |
| Defendant. | ) | | |
| _____ | ) | | |

**I.   Introduction**

1. This is an action for damages, brought against a debt collector for violating the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*, and the Michigan Occupational Code ("MOC"), M.C.L. § 339.901 *et seq.*

**II.   Jurisdiction**

2. This Court has jurisdiction under 15 U.S.C. § 1692k(d) (FDCPA), and 28 U.S.C. § 1331. This Court has supplemental jurisdiction regarding plaintiff's state law claims under 28 U.S.C. § 1367. Venue in this judicial district is proper because the pertinent events took place here.

**III.   Parties**

3. Plaintiff Steven VanValkenburg is a natural person residing in Kent County, Michigan. Mr. VanValkenburg is a "consumer" and "person" as the terms are defined and/or used in the FDCPA. Mr. VanValkenburg is a "consumer," "debtor" and "person" as the terms

1

are defined and/or used in the MOC.

4. Defendant NCO Financial Systems, Inc. ("NCO") is a Pennsylvania corporation doing business at 507 Prudential Road, Horsham, Pennsylvania 19044. NCO is qualified to do business in Michigan. The registered agent for NCO is The Corporation Company, 30600 Telegraph Road, Suite 2345, Bingham Farms, Michigan 48025. NCO uses interstate commerce and the mails in a business the principal purpose of which is the collection of debts. NCO regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another. NCO is a "debt collector" as the term is defined and/or used in the FDCPA. NCO is a "collection agency" and a "licensee" as the terms are defined and/or used in the MOC.

**IV. Facts**

5. Mr. VanValkenburg had a credit account (reference number ******2861) with Target which he used to obtain goods and/or services for personal, family or household purposes. Any resulting obligation to pay money was a "debt" as the term is defined and/or used in the FDCPA and MOC.

6. The original creditor or a successor in interest claimed that the debt was not paid and hired NCO to collect the allegedly delinquent debt.

7. Alternatively, NCO purchased the debt after the account allegedly became delinquent.

8. Mr. VanValkenburg disputes the debt.

9. Mr. VanValkenburg refuses to pay the debt.

10. In or about March 2010, NCO telephoned Mr. VanValkenburg in efforts to collect

the alleged debt.

11.    In April 2010, Mr. VanValkenburg's wife spoke by telephone with a male NCO employee. The NCO employee stated that NCO had been calling in efforts to collect a debt in the amount of $486.33 owed by Mr. VanValkenburg in connection with a Target account. The NCO employee offered to settle the account for an immediate payment of $300.00. In the ensuing conversation, the NCO employee made the following representations:

    a)    Mr. VanValkenburg had not made a payment on the account since September 2008.

    b)    The debt was being reported on Mr. VanValkenburg's credit report as a R-09, charge-off, repossession.

    c)    Derogatory information regarding the account would remain on Mr. VanValkenburg's credit report for seven to ten years.

    d)    Most creditors will sell the account before the seven to ten year period runs, resulting in another seven to ten year reporting period.

    e)    If a payment is made on the debt, then the account gets reported for another seven year period.

    f)    If Mr. VanValkenburg did not pay the debt, it would cost him much more than $300.00, because Mr. VanValkenburg's interest rates on other loans would increase.

    g)    Mr. VanValkenburg's failure to pay the debt could cause him to lose his job, as well as prevent him from obtaining new employment.

    h)    NCO could not and would not provide Mr. VanValkenburg with monthly

3

statements or other documents so that Mr. VanValkenburg could determine whether he really owed the amount claimed by NCO.

    i)    It would be pointless for Mr. VanValkenburg to contact Target in efforts to obtain his monthly statements or other documents so that he could determine whether he really owed the amount claimed by NCO, because Target would not communicate with Mr. VanValkenburg and instead would transfer him back to NCO.

Hearing that, Mrs. VanValkenburg stated that Mr. VanValkenburg was disputing the debt. The NCO employee replied that Mr. VanValkenburg could dispute the debt only if he had a valid dispute. Mrs. VanValkenburg continued to state that Mr. VanValkenburg disputed the debt. The NCO employee then transferred Mrs. VanValkenburg to a second NCO employee who identified himself as David Meyers and a Manager at NCO.. In the ensuing conversation, the second NCO employee made the following statements:

    j)    To dispute the debt, Mr. VanValkenburg should have disputed the debt with Target.

    k)    To dispute the debt, Mr. VanValkenburg was required to send a letter to NCO, and state in writing the nature of the dispute and why the debt was disputed.

    l)    Mrs. VanValkenburg's statement that Mr. VanValkenburg was disputing the debt because he did not believe he owed the debt or the amount claimed was not a valid dispute.

    m)    By disputing the debt, the VanValkenburgs were running a scam.

Throughout the conversation, the second NCO employee became increasingly belligerent, oppressive and abusive, shouting at Mrs. VanValkeburg, calling Mr. VanValkenburg and Mrs.

4

VanValkenburg various names and stating various insults. Mrs. VanValkenburg stated that she intended to send a letter to NCO to dispute the debt and demand that NCO stop contacting the VanValkenburgs. Mrs. VanValkenburg repeatedly asked for NCO's mailing address. The NCO repeatedly refused to disclose NCO's mailing address, continued to shout insults and threats at Mrs. VanValkenburg, until he abruptly terminated the telephone conversation.

12. The Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq.*, states that no consumer reporting agency may make any consumer report containing information regarding "accounts placed for collection or charged to profit and loss which antedate the report by more than seven years." 15 U.S.C. § 1681c(a)(4). The running of the seven-year period begins "upon the expiration of the 180-day period beginning on the date of the commencement of the delinquency which immediately preceded the collection activity, charge to profit and loss, or similar action." 15 U.S.C. § 1681c(c)(1).

13. NCO and its employee falsely represented the length of time for which derogatory information regarding the account could be included in Mr. VanValkenburg's credit history.

14. The FDCPA does not require the consumer to provide *any reason at all* in order to dispute a debt. *Sambor v. Omnia Credit Servs.*, 183 F. Supp. 2d 1234 (D. Haw. 2002); (*Mendez v. M.R.S. Assoc.*, 2004 WL 1745779 *2 (N.D. Ill. Aug. 3, 2004) (a consumer is entitled to dispute the validity of a debt for a good reason, a bad reason, or no reason at all); *Whitten v. ARS National Servs. Inc.*, 2002 WL 1050320 *4 (N.D. Ill. May 23, 2002) (imposing a requirement that a consumer have a 'valid' reason to dispute the debt is inconsistent with FDCPA); *Castro v. ARS National Servs., Inc.*, 2000 WL 264310 (S.D.N.Y. Mar. 8, 2000); *Frey v. Satter, Beyer & Spires*, 1999 WL 301650 (N.D. Ill. May 3, 1999); *DeSantis v. Computer*

*Credit, Inc.*, 269 f.3d 159 (2nd Cir. 2001); *Mejia v. Marauder Corporation,* 2007 WL 806486 (N.D. Cal. 2007) (unlawful to suggest that proof of payment required for dispute). The FDCPA allows the consumer to orally dispute a debt. *Brady v. The Credit Recovery Company, Inc.,* 160 F.3d 64 (1st Cir. 1998).

15. NCO and its employees made repeated, false representations regarding Mr. VanValkenburg's rights to dispute the debt.

16. NCO and its employee falsely represented or implied that for Mr. VanValkenburg to dispute the debt, Mr. VanValkenburg was required to have disputed the debt with Target.

17. NCO and its employee falsely represented that for Mr. VanValkenburg to dispute the debt, Mr. VanValkenburg was required to send a letter to NCO, and state in writing the nature of the dispute and why the debt was disputed.

18. NCO and its employee falsely represented that Mrs. VanValkenburg's statement that Mr. VanValkenburg was disputing the debt because he did not believe he owed the debt or the amount claimed was not a valid dispute.

19. NCO and its employee falsely and wrongfully represented that by disputing the debt, the VanValkenburgs were running a scam.

20. NCO and its employee falsely represented that Mr. VanValkenburg's failure to pay the Target debt could cause Mr. VanValkenburg to lose his job.

21. NCO and its employee falsely represented that Mr. VanValkenburg's failure to pay the Target debt could prevent Mr. VanValkenburg from obtaining new employment.

22. NCO and its employee falsely represented that Mr. VanValkenburg would not be able to obtain monthly statements or other documents from Target so that Mr. VanValkenburg

could determine whether he really owed the amount claimed by NCO.

23. The statements, acts and omissions of NCO and its employees done in connection with efforts to collect a debt from Mr. VanValkenburg were done intentionally and wilfully.

24. NCO and its employees intentionally and wilfully violated the FDCPA and MOC.

25. As an actual and proximate result of the acts and omissions of defendant and/or its employees, plaintiff has suffered actual damages and injury, including but not limited to, fear, embarrassment, stress, mental anguish, emotional stress, and suffering for which he should be compensated in an amount to be established by jury and at trial.

## V. Claims for Relief

### Count 1– Fair Debt Collection Practices Act

26. Plaintiff incorporates the foregoing paragraphs by reference.

27. Defendant has violated the FDCPA. Defendant's violations of the FDCPA include, but are not necessarily limited to, the following:

   a) Defendant violated 15 U.S.C. § 1692d by engaging in conduct, the natural consequence of which is to harass, oppress, or abuse a person in connection with the collection of a debt;

   b) Defendant violated 15 U.S.C. § 1692e by using false, deceptive and misleading representations and means in connection with the collection or attempted collection of a debt;

   c) Defendant violated 15 U.S.C. § 1692f by using unfair and unconscionable means to collect or attempt to collect a debt from plaintiff; and

   d) Defendant violated 15 U.S.C. § 1692g.

**Wherefore,** plaintiff seeks judgment against defendant for:

a)  Actual damages pursuant to 15 U.S.C. § 1692k(a)(1);

b)  Statutory damages pursuant to 15 U.S.C. § 1692k(a)(2)(A);

c)  Costs and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3); and

d)  Such further relief as the court deems just and proper.

## Count 2– Michigan Occupational Code

28.  Plaintiff incorporates the foregoing paragraphs by reference.

29.  Defendant has violated the MOC. Defendant's violations of the MOC include, but are not necessarily limited to, the following:

a)  Defendant violated M.C.L. § 339.915(e) by making an inaccurate, misleading, untrue, or deceptive statement or claim in a communication to collect a debt;

b)  Defendant violated M.C.L. § 339.915(f) by misrepresenting in a communication with a debtor the following: (i) the legal status of a legal action being taken or threatened and (ii) the legal rights of a creditor or debtor;

c)  Defendant violated M.C.L. § 339.915(n) by using a harassing, oppressive, or abusive method to collect a debt; and

d)  Defendant violated M.C.L. § 339.915(q) by failing to implement a procedure designed to prevent a violation by an employee.

**Wherefore,** plaintiff seeks judgment against defendant for:

a)  Actual damages pursuant to M.C.L. § 339.916(2);

b)  Treble the actual damages pursuant to M.C.L. § 339.916(2);

c)  Statutory damages pursuant to M.C.L. § 339.916(2); and

d)      Reasonable attorney's fees and court costs pursuant to M.C.L. § 339.916(2).

**Demand for Trial by Jury**

Plaintiff demands trial by jury.

Dated: April 30, 2010

/s/ Phillip C. Rogers

Phillip C. Rogers (P34356)
Attorney for Plaintiff
40 Pearl Street, N.W., Suite 336
Grand Rapids, Michigan 49503-3026
(616) 776-1176
ConsumerLawyer@aol.com

9